IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH R. KARSNER, IV
2294 Lighthouse Lane
Connolly Springs, North Carolina  28612

    Petitioner

v.

TERRESSA HATCHETT
14424 Tracy Char Lane
Centreville, Virginia  20121

Serve on:

William B. Young, Jr., Esq.
Colling, Gilbert, Wright & Carter
2301 Maitland Center Parkway, Suite 240
Maitland, Florida  32751

and

FINRA[1]
1735 K Street, N.W.
Washington, D.C.  20006

    Respondents

Civil Action No.:

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Joseph R. Karsner, IV ("Petitioner") by undersigned counsel hereby submits the following Petition to Confirm Arbitration Award and states as follows:

1.    Counsel for Respondent Hatchett has agreed to accept service for her and *does not* oppose this Petition.

---

[1] FINRA, the Financial Industry Regulatory Authority, was formerly known as the National Association of Securities Dealers ("NASD").

1

2.   This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 because it involves a controversy between citizens of different states and the amount in controversy exceeds $75,000. *See* Exhibit 1.

3.   The instant matter was originally a private arbitration action initiated by Respondent Hatchett against the Petitioner with the National Association of Securities Dealers ("NASD") in the District of Columbia. The action had the NASD Case Number 04-06007.[2]

4.   The action was scheduled for an arbitration but was resolved prior to the arbitration.

5.   After resolution of the case, the parties submitted a Stipulated Award to the NASD's own three-member arbitration panel overseeing this action.

6.   In February of 2007, the NASD's own arbitration panel finalized the Stipulated Award, thereby granting all of the relief set forth therein, including an order of expungement. (*See* Stipulated Award at page 2-3, attached hereto as Exhibit 1.)

7.   At present, no party or third party to the action has sought to modify or vacate this Stipulated Award.

8.   Under NASD Rule 10330, any Stipulated Award "may be entered as a judgment in any court of competent jurisdiction." (*See* NASD Rule 10330.)

9.   Section 9 of the Federal Arbitration Act, 9 USC §9, gives this Court the authority to confirm the Stipulated Award entered in this action and which is attached hereto.

---

[2] A number of lawsuits were filed against Respondent Karsner by disgruntled investors who later determined that that their claims against Karsner were without merit. This Court has already granted Respondent's Petition to Confirm a nearly identical Stipulated Award in the case styled *Karsner v. Lothian et al.*, Civil Action No.: 1:07-cv-00334 (RJL) and in the case styled *Karsner v. Simpson et al.*, Civil Action No.: 1:07-cv-378. Respondent will be filing a number of additional Petitions to Confirm Stipulated Awards where the NASD arbitration panels determined that the claims against Karsner were without merit and should be expunged from his securities record.

10. The confirmation of an already-entered Stipulated Award is perfunctory, a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. *See Barbier v. Shearson Lehman Hutton, Inc.*, 752 F.Supp. 151, 159 (S.D.N.Y. 1990) (citing *Florasynth, Inc. v. Pockholz*, 750 F.2d 171 (2d Cir. 1984)).

11. Indeed, the ability of a court to do anything other than confirm a Stipulated Award is strictly curtailed so as not to frustrate the reason for arbitration, namely the disposition of cases quickly and efficiently. *See Barbier*, at 159.

12. In this case, all of the conditions precedent for a confirmation of the attached Stipulated Award are present.

13. Both parties to this case agreed with all of the relief set forth in the Stipulated Award and the NASD's own three-member arbitration panel executed the Stipulated Award and agreed to all of the relief set forth therein.

14. Further, no party moved to modify or vacate the attached Stipulated Award within the three month time period set forth in 9 U.S.C. §12.

15. In light of the above, Petitioner requests that this Court confirm the attached Stipulated Award and direct an entry of judgment confirming same.

WHEREFORE, Petitioner requests that this Court confirm the attached Stipulated Award and direct an entry of judgment confirming same.

Respectfully submitted,

_____
George S. Mahaffey Jr., Esq. (#MD15083)
Jeffrey J. Hines, Esq. (#406090)
Christopher Corchiarino, Esq.

...

Goodell, DeVries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4993
(410) 783-4040

Richard J. Magid, Esq.
Whiteford, Taylor & Preston, LLP
7 Saint Paul Street
15th Floor
Baltimore, MD 21202-1697
(410) 347-8716

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___15th___ of February 2008, a copy of the foregoing was sent via first class mail to the following:

B.G. Brooks, Esquire
Terri Reicher, Esquire
FINRA
1735 K Street, N.W.
Washington, D.C. 20006
*Counsel for FINRA*

William B. Young, Jr., Esquire
Colling, Gilbert, Wright & Carter
2301 Maitland Center Parkway, Suite 240
Maitland, Florida 32751
*Counsel for the Respondent Hatchett*

George S. Mahaffey Jr.

4828-7647-7698

Stipulated Award
NASD Dispute Resolution

In the Matter of the Arbitration Between:

| | |
|---|---|
| Name of the Claimant<br>Terressa Hatchett | Case Number: 04-06007 |
| Names of the Respondents<br>Legacy Financial Services, Inc.<br>Joseph R. Karsner, IV | Hearing Site: Washington, D.C. |

Nature of the Dispute: Customer vs. Member and Associated Person.

## REPRESENTATION OF PARTIES

For Terressa Hatchett, hereinafter referred to as "Claimant": William B. Young, Esq., Cooling, Gilbert, Wright & Carter, Maitland, FL.

For Legacy Financial Services, Inc. ("LFS") and Joseph R. Karsner, IV ("Karsner"), hereinafter collectively referred to as "Respondents": Jeffrey J. Hines, Esq. and Christopher M. Corchiarino, Esq., Goodell, DeVries, Leech & Dann, LLP, Baltimore, MD.

## CASE INFORMATION

Statement of Claim filed on or about: August 24, 2004.
Claimant signed the Uniform Submission Agreement: November 23, 2003.
Respondents' Motion to Dismiss ("Motion to Dismiss") filed on or about: November 8, 2004.
Respondent LFS signed the Uniform Submission Agreement: December 14, 2004.
Respondent Karsner signed the Uniform Submission Agreement: October 11, 2004.
Respondents did not file a Statement of Answer.
Claimant's Motion to Amend Statement of Claim ("Motion to Amend") filed on or about: March 29, 2005.
Respondents' Response to the Motion to Amend filed on or about: April 12, 2005.

## CASE SUMMARY

Claimant asserted the following causes of action: negligence; breach of contract; breach of fiduciary duty; respondeat superior; omissions/misrepresentations; unsuitability; fraudulent inducement; common law fraud; violation of NASD Rule 2110; and, failure to supervise. The causes of action relate to the purchase of numerous securities in Claimant's account including: American Skandia Advisor Funds; Janus Capital Growth Fund; Janus Overseas Growth; Oppenheimer MidCap Fund; Oppenheimer Main St. Growth & Income; and, Oppenheimer Capital Appreciation.



NASD Dispute Resolution
Arbitration No. 04-06007
Stipulated Award Page 2 of 5

Respondents denied the allegations of wrongdoing set forth in the Statement of Claim and asserted various defenses.

## RELIEF REQUESTED

Claimant requested compensatory damages of approximately $264,000.00, punitive damages, attorneys' fees, costs, interest, and any other remedy the undersigned arbitrators (the "Panel") deemed just and equitable.

Respondents requested that the Statement of Claim be dismissed in its entirety and requested that the Panel issue an order directing that all references to this proceeding and the underlying complaint be expunged from the NASD Central Registration Depository ("CRD") records of Respondent Karsner, and that Respondents be awarded such other and further relief as is deemed just and proper.

## OTHER ISSUES CONSIDERED AND DECIDED

On or about May 5, 2005, the Panel entered an order which granted Claimant's Motion to Amend.

On or about October 31, 2006, a mediation was held at which time this matter was resolved.

On or about November 14, 2006, the parties submitted a Proposed Stipulated Award and requested that the Panel enter an award recommending expungement of all references to this proceeding and the underlying complaint from the NASD CRD records of Respondent Karsner.

On or about January 9, 2007, Claimant filed a Notice of Voluntary Dismissal of Arbitration Claim, With Prejudice.

The parties agreed to have the Stipulated Award entered by two arbitrators.

The parties have agreed that the Stipulated Award in this matter may be executed in counterpart copies or that a handwritten, signed Stipulated Award may be entered.

## AWARD

After considering the pleadings and the Proposed Stipulated Award, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

The parties have resolved this matter. Pursuant to the parties' agreement, the Respondents moved the Panel for expungement with Claimant's consent.

1)   Pursuant to the resolution of this matter reached between all parties, all claims against Respondents Legacy Financial Services, Inc. and Joseph Karsner are dismissed, with prejudice.

NASD Dispute Resolution
Arbitration No. 04-06007
Stipulated Award Page 3 of 5

2) The Panel recommends the expungement of all references to the above-captioned arbitration from Respondent Karsner's registration records maintained by the CRD, with the understanding that pursuant to NASD Notice to Members 04-16, Respondent Karsner must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

Unless specifically waived in writing by the NASD, parties seeking judicial confirmation of an arbitration award containing expungement relief must name NASD as an additional party and serve NASD with all appropriate documents.

Pursuant to Rule 2130, the Panel has made the following affirmative findings of fact:

The claim, allegation, or information is factually impossible or clearly erroneous; and

The claim, allegation, or information is false.

3) The parties shall bear their own costs, including attorneys' fees, except as fees are specifically addressed below.

4) Any relief not specifically addressed herein is denied.

## FEES

Pursuant to the Code of Arbitration Procedure (the "Code"), the following fees are assessed:

**Filing Fees**
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:
  Initial claim filing fee                            = $   300.00

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, Respondent LFS is a party and member firm.
  Member surcharge                                    = $1,700.00
  Pre-hearing process fee                             = $   750.00
  Hearing process fee                                 = $2,750.00

**Adjournment Fees**
Adjournments granted during these proceedings for which fees were assessed:

January 11 and 12, 2006, adjournment by Claimant. The Panel waived assessment of the adjournment fee.

**Three-Day Cancellation Fees**
Fees apply when a hearing on the merits is postponed or settled within three business days before the start of a scheduled hearing session:

January 11 and 12, 2006, adjournment by Claimant. The Panel waived assessment of the three-day cancellation fees.

### Injunctive Relief Fees
Injunctive relief fees are assessed to each member or associated person who files for a temporary injunction in court. Parties in these cases are also assessed arbitrator travel expenses and costs when an arbitrator is required to travel outside his or her hearing location and additional arbitrator honoraria for the hearing for permanent injunction. These fees, except the injunctive relief surcharge, are assessed equally against each party unless otherwise directed by the panel.

No injunctive relief fees were assessed during these proceedings.

### Forum Fees and Assessments
The Panel has assessed forum fees for each session conducted or each decision rendered on a discovery-related motion on the papers. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less. Fees associated with these proceedings are:

Two (2) Pre-hearing sessions with the Panel @ $1,125.00/session     = $2,250.00
Pre-hearing conferences:   March 7, 2005       1 session
                           January 10, 2006    1 session

Total Forum Fees                                                    = $2,250.00

1. The Panel has assessed $1,125.00 of the forum fees to Claimant.
2. The Panel has assessed $1,125.00 of the forum fees jointly and severally to Respondents.

### Administrative Costs
Administrative costs are expenses incurred due to a request by a party for special services beyond the normal administrative services. These include, but not limited to, additional copies of arbitrator awards, copies of audio transcripts, retrieval of documents from archives, interpreters, and security.

No administrative costs were incurred during these proceedings.

### Fee Summary

Claimant is solely liable for:
    Initial Filing Fee                          = $   300.00
    Forum Fees                                  = $1,125.00
    Total Fees                                  = $1,425.00
    Less payments                               = $1,425.00
    Balance Due NASD Dispute Resolution         = $     0.00

Respondent LFS is solely liable for:
    Member Fees                                 = $5,200.00

NASD Dispute Resolution
Arbitration No. 04-06007
Stipulated Award Page 5 of 5

|  |  |
|---|---|
| Total Fees | = $5,200.00 |
| Less payments | = $5,200.00 |
| Balance Due NASD Dispute Resolution | = $     0.00 |

Respondents are jointly and severally liable for:

|  |  |
|---|---|
| Forum Fees | = $1,125.00 |
| Total Fees | = $1,125.00 |
| Less payments | = $  250.00 |
| Balance Due NASD Dispute Resolution | = $  875.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

**Concurring Parties' Signatures**

/s/
William B. Young, Esq.                                      Signature Date
Claimant's counsel

/s/
Christopher M. Corchiarino, Esq.                            Signature Date
Respondents' Counsel

### ARBITRATION PANEL

M. Michael Cramer, Esq.       - Public Arbitrator
John Laing Bowles             - Non-Public Arbitrator

**Concurring Arbitrators' Signatures**

/s/
M. Michael Cramer, Esq.                                     Signature Date
Public Arbitrator

/s/
John Laing Bowles                                           Signature Date
Non-Public Arbitrator

March 5, 2007
Date of Service (For NASD Dispute Resolution use only)

NASD Dispute Resolution
Arbitration No. 04-06007
Stipulated Award Page 5 of 5

| | |
|---|---|
| Total Fees | = $5,200.00 |
| Less payments | = $5,200.00 |
| Balance Due NASD Dispute Resolution | = $     0.00 |

Respondents are jointly and severally liable for:

| | |
|---|---|
| Forum Fees | = $1,125.00 |
| Total Fees | = $1,125.00 |
| Less payments | = $  250.00 |
| Balance Due NASD Dispute Resolution | = $  875.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

**Concurring Parties' Signatures**

William B. Young, Esq.
Claimant's counsel

Signature Date

*[signature]*

Christopher M. Corchiarino, Esq.
Respondents' Counsel

2/6/07
Signature Date

### ARBITRATION PANEL

M. Michael Cramer, Esq.       - Public Arbitrator
John Laing Bowles             - Non-Public Arbitrator

**Concurring Arbitrators' Signatures**

M. Michael Cramer, Esq.
Public Arbitrator

Signature Date

John Laing Bowles
Non-Public Arbitrator

Signature Date

Date of Service (For NASD Dispute Resolution use only)

NASD Dispute Resolution
Arbitration No. 04-06007
Stipulated Award Page 5 of 5

| | |
|---|---|
| Total Fees | = $5,200.00 |
| Less payments | = $5,200.00 |
| Balance Due NASD Dispute Resolution | = $    0.00 |

Respondents are jointly and severally liable for:

| | |
|---|---|
| Forum Fees | = $1,125.00 |
| Total Fees | = $1,125.00 |
| Less payments | = $  250.00 |
| Balance Due NASD Dispute Resolution | = $  875.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

**Concurring Parties' Signatures**

_____          2/8/07
William B. Young, Esq.                   Signature Date
Claimant's counsel


_____          _____
Christopher M. Corchiarino, Esq.         Signature Date
Respondents' Counsel


**ARBITRATION PANEL**

M. Michael Cramer, Esq.          - Public Arbitrator
John Laing Bowles                - Non-Public Arbitrator

**Concurring Arbitrators' Signatures**

_____          2/24/07
M. Michael Cramer, Esq.                  Signature Date
Public Arbitrator


_____          _____
John Laing Bowles                        Signature Date
Non-Public Arbitrator


_____
Date of Service (For NASD Dispute Resolution use only)

|  |  |
|---|---|
| Total Fees | = $5,200.00 |
| Less payments | = $5,200.00 |
| Balance Due NASD Dispute Resolution | = $    0.00 |

Respondents are jointly and severally liable for:

|  |  |
|---|---|
| Forum Fees | = $1,125.00 |
| Total Fees | = $1,125.00 |
| Less payments | = $  250.00 |
| Balance Due NASD Dispute Resolution | = $  875.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

**Concurring Parties' Signatures**

_____          2/8/07
William B. Young, Esq.                   Signature Date
Claimant's counsel


_____          _____
Christopher M. Corchiarino, Esq.         Signature Date
Respondents' Counsel


### ARBITRATION PANEL

M. Michael Cramer, Esq.        - Public Arbitrator
John Laing Bowles              - Non-Public Arbitrator

**Concurring Arbitrators' Signatures**


_____          _____
M. Michael Cramer, Esq.                  Signature Date
Public Arbitrator


_____          2/20/07
John Laing Bowles                        Signature Date
Non-Public Arbitrator


_____
Date of Service (For NASD Dispute Resolution use only)

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

JOSEPH R. KARSNER, IV
2294 Lighthouse Lane
Connolly Springs, North Carolina 28612

## DEFENDANTS

TERRESSA HATCHETT
14424 Tracy Char Lane
Centreville, Virginia 20121
FINRA
1735 K Street, N.W.
Washington, D.C. 20006

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Jeffrey J. Hines, Esq. (#406090)
George S. Mahaffey Jr., Esq. (#MD15083)
Christopher Corchiarino, Esq.
  Goodell, DeVries, Leech & Dann, L.L.P.
  One South Street, 20th Floor
  Baltimore, MD 21202
Richard J. Magid, Esq.
 Whiteford, Taylor & Preston, LLP
 7 Saint Paul Street
 15th Floor
 Baltimore, MD 21202-1697
 (410) 347-8716

**ATTORNEYS (IF KNOWN)**

William B. Young, Jr., Esq.
Colling, Gilbert, Wright & Carter
2301 Maitland Center Parkway, Suite 240
Maitland, Florida 32751
FINRA
B.G. Brooks, Esq.
Terri Reicher, Esq.
1735 K Street, N.W.
Washington, D.C. 20006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ● 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and <u>one</u> in a corresponding Nature of Suit)

○ **A. Antitrust**
- [ ] 410 Antitrust

○ **B. Personal Injury/Malpractice**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food &Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [X] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

|  | G. *Habeas Corpus/ 2255* <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | H. *Employment Discrimination* <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br> *(If pro se, select this deck)* | I. *FOIA/PRIVACY ACT* <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br> *(If pro se, select this deck)* | J. *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|---|
|  | K. *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | L. *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | M. *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | N. *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
9 usc 9

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Check YES only if demanded in complaint
JURY DEMAND:  YES ☐  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☒  NO ☐  If yes, please complete related case form.

DATE 2/15/8  SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH R. KARSNER, IV<br>2294 Lighthouse Lane<br>Connolly Springs, North Carolina 28612<br><br>    Petitioner<br><br>v.<br><br>TERRESSA HATCHETT<br>14424 Tracy Char Lane<br>Centreville, Virginia 20121<br><br><u>Serve on</u>:<br><br>William B. Young, Jr., Esq.<br>Colling, Gilbert, Wright & Carter<br>2301 Maitland Center Parkway, Suite 240<br>Maitland, Florida 32751<br><br>and<br><br>FINRA<br>1735 K Street, N.W.<br>Washington, D.C. 20006<br><br>    Respondents | Civil Action No.: |

## ORDER

Having considered Petitioner's Petition to Confirm Arbitration Award and after considering the record as a whole, it is this _____ day of _____ 2008, hereby:

**ORDERED** that Petitioner's Petition to Confirm Arbitration Award shall be and is **GRANTED** and that the Stipulated Award entered in the NASD action styled *Hatchett v. Legacy et al.*, NASD No.: 04-06007 is confirmed thereby granting all relief set forth in the Stipulated Award.

_____
Judge, United States District Court for the
District of Columbia

Copies to:

George S. Mahaffey Jr., Esquire
Jeffrey J. Hines, Esquire
Christopher Corchiarino, Esquire
Goodell, DeVries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, MD 21202
*Counsel for Petitioner*

B.G. Brooks, Esquire
Terri Reicher, Esquire
FINRA
1735 K Street, N.W.
Washington, D.C. 20006
*Counsel for FINRA*

William B. Young, Jr., Esquire
Colling, Gilbert, Wright & Carter
2301 Maitland Center Parkway, Suite 240
Maitland, Florida 32751
*Counsel for Respondent Hatchett*

Richard J. Magid, Esquire
Whiteford, Taylor & Preston, LLP
7 Saint Paul Street
15th Floor
Baltimore, MD 21202-1697